IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARK STINSON**  **PLAINTIFF**
Reg #29908-076

V.   CASE NO. 2:21-CV-33-BSM-BD

**K. CAULEY,** *et. al.*   **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Stinson may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Stinson does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Discussion**

Mr. Stinson, an inmate confined in the Forrest City Federal Prison Camp, filed this lawsuit without the help of a lawyer under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He is proceeding *in forma pauperis*. (Doc. Nos. 1, 2)

The first three-and-a-half pages of Mr. Stinson's complaint in this case are the same as the claims he raised in a recently dismissed lawsuit, *Stinson v. Schmidt*, et al.,

E.D. Ark. Case No. 2:20cv187 (*Stinson I*). The Court dismissed *Stinson I* on November 23, 2020 because the complaint did not state a federal claim for relief. In this lawsuit, Mr. Stinson again challenges his assignment to the SHU from January 9 to January 16, 2020 and from August 7, 2020 to September 2, 2020. Again, he complains that his assignment was retaliatory. *Id*.

As explained in *Stinson I*, there is no federal retaliation claim available under *Bivens*. See *Stinson v. Schmidt*, *supra* ("In light of the case law, the Court finds that Plaintiff's retaliation claim fails to state a claim upon which relief may be granted."). Also explained in *Stinson I*, a 21-day assignment to the SHU would not trigger protection of the due process clause in any event. *Id*.

The retaliation claims raised in *Stinton I* and reasserted here must be dismissed because they do not state a claim for relief and because they are duplicative of the claims raised and dismissed in *Stinson I*. See also *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming 28 U.S.C. § 1915 dismissal on ground that "district courts may dismiss a duplicative complaint raising issues directly related to issues in another action brought by the same party").

Mr. Stinson has included retaliation and due process claims in this *Bivens* action that were not included in *Stinson I*. (Doc. No. 2, pp. 11-12) Here, he alleges that, on February 28, 2021, Defendant Clintscale retaliated against him by refusing to allow him to receive visitors and that Defendant Cauley sent him to the SHU for seven days in retaliation for his refusal to sign up to work in the dish room as instructed. (Doc. No. 2,

2

pp. 11-12) As explained in *Stinson I,* retaliation claims cannot be brought in a *Bivens* action. See *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017); see also, *Gonzalez v. Bendt*, 2018 WL 1524752, at *4 (D.S.D. Mar. 28, 2018), *aff'd,* 971 F.3d 742 (8th Cir. 2020)("[T]he cost, time, and energy associated with defending a *Bivens* action brought by an inmate for an action based on retaliation under the First Amendment against a federal employee are significant. . . .The court declines to find a *Bivens* remedy for an inmate alleging retaliation under the First Amendment against a federal official.")

Regardless, Mr. Stinson had no liberty interest at stake in his assignment to the SHU for seven days. See *Sandin v. Conner*, 515 U.S. 472, 484 (1995); see also, *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (30 days in punitive segregation was not an atypical and significant hardship under *Sandin,*); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (no liberty interest at stake during nine months in administrative segregation); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges).

### III.  Conclusion

Mr. Stinson has failed to state a federal claim for relief in this lawsuit. The Court recommends, therefore, that claims in this case be DISMISSED, without prejudice. This should count as a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED this 14th day of April, 2021.

                                                                                             _____
UNITED STATES MAGISTRATE JUDGE